## THOMASON et al. v. RICHARDS.

### S. F. No. 2760; February 27, 1902.

#### 67 Pac. 1056.

**Street Improvements.—In an Action to Recover on a Paving Contract,** where plaintiff had read in evidence a written contract, under the terms of which plaintiff agreed to pave the street in front of defendant's premises to the satisfaction of the superintendent of streets, a resolution of the board of supervisors stating that the work had been constructed to the satisfaction of the superintendent, and accepting the same, was competent evidence.

**Street Improvement.—Evidence as to the Character of Concrete** work in the street after the date when the work had been accepted by the street superintendent was incompetent, especially when there was nothing to show that it related to any of the work for which plaintiff sought to recover.

APPEAL from Superior Court, City and County of San Francisco; J. C. B. Hebbard, Judge.

Action by E. R. Thomason and others against G. H. Richards. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

D. H. Whittemore for appellant; J. C. Bates for respondents.

COOPER, C.—Action to recover upon a contract for certain work in paving the public street in front of defendant's premises. Findings were filed, upon which judgment was entered for plaintiffs as prayed. The findings are not questioned, nor is it claimed that the judgment is not the legal conclusion from the facts found.

Plaintiffs offered and read in evidence, without objection, a written contract, under the terms of which the plaintiffs agreed to pave the public street in front of defendant's premises "to the satisfaction of the superintendent of public streets, highways and squares of the said city and county." Plaintiffs then offered in evidence a resolution of the board of supervisors of the city declaring and stating that the work had been constructed to the satisfaction of the superintendent of streets, and accepting the same. To this offer defendant objected upon the ground that it was irrelevant, immaterial and incompetent, and it is now claimed that the ruling of the court admitting the resolution was erroneous. We think the resolution was not subject to the objections made to it. It was a part of the contract that the work should be done to the satisfaction of the superintendent of streets. The resolution was passed by the body charged under the law with the duty of supervising the work upon the public streets. The superintendent of streets testified that in January, 1893, he approved the work, and authorized his deputy to make a certificate. This evidence was not contradicted, and showed a compliance with the terms of the contract, regardless of the resolution of the board. It is urged that the resolution could not support a cause of action commenced two years before it was passed. But no such objection was made to it, and, besides, the main point, that the work was approved by the superintendent, was proven by evidence free from objection.

After plaintiffs rested, the defendant called one Turpin as a witness and asked him the following question: "Q. What was the character of that concrete work which you saw taken out of the street in 1894?" The objection to this question was properly sustained. It was not competent. It related to a date after the work had been accepted by the street

superintendent, and there was nothing to show that it related to any of the work for which plaintiffs seek to recover in this action.

The judgment should be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.